# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARK STERN, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>DOLLAR THRIFTY AUTOMOTIVE GROUP, INC.,<br><br>Defendants. | Civil Action No.:<br><br>**COMPLAINT FOR VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT AND DEMAND FOR JURY TRIAL** |

Plaintiff Mark Stern ("Plaintiff") brings this national class action under the Fair Debt Collection Practices, 15 U.S.C. § 1692, *et seq.* ("FCRA"), seeking statutory and other damages against defendant DOLLAR THRIFTY AUTOMOTIVE GROUP, INC. ("Thrifty"), and alleges, based upon Plaintiff's personal knowledge, the investigation of counsel, and information and belief, as follows:

## PRELIMINARY STATEMENT

1.  Thrifty blatantly charged Plaintiff for a service he was not provided, and when confronted, Thrifty acknowledged this and said it would reverse in thirty days, but did not.

2.  As a direct result of Thrifty's FDCPA violations, Plaintiff was harmed, and Plaintiff has suffered emotional distress.

3. Accordingly, Plaintiff is entitled to damages.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1681p.

5. The court has jurisdiction to grant the relief sought by the Plaintiff pursuant to 15 U.S.C. § 1692k and 28 U.S.C. §§ 1331 and 1337. Venue in this District is proper in that the named Plaintiff resides in this district.

## PARTIES

6. Plaintiff is a natural person who resides in Valley Stream, New York and qualifies as a "consumer" as defined and protected by the FDCPA.

7. Defendant Dollar Thrifty Automotive Group, Inc. engaged in the business of collecting debts as defined by the FDCPA, 15 U.S.C. Section 1692a(6) and Defendant acted through their agents.

## STATEMENT OF FACTS

8. Plaintiff rented a car through Thrifty on January 25, 2024.

9. Plaintiff called Thrifty as he had temporarily lost his car keys.

10. A Thrifty representative informed Plaintiff that he could either come into the facility and retrieve a set of keys or meet their roadside assistance team for a fee of $250.

11. Plaintiff declined both of these options explicitly on the phone and shortly thereafter found his car keys.

12. Plaintiff returned the rented car on January 30, 2024.

13. An attendant processed the car return and told Plaintiff he would be charged with his card on file.

14. Plaintiff saw on his credit card bill that he was charged for emergency road assistance for over $250.00.

15. Plaintiff called Thrifty and asked them to refund that service charge and associated fees as he had never utilized their emergency roadside assistance services.

16. Thrifty told Plaintiff that it would be reversed in around thirty days but it was not.

17. Plaintiff disputed the charge with his credit card company but was denied.

## **CLASS ACTION ALLEGATIONS**

18. Plaintiff brings this action individually and on behalf of all others similarly situated as a member of the proposed class (hereafter, "The Class") defined as follows: All persons within the United States who were charged by Thrifty for services they did not use.

19. Plaintiff represents, and is a member of, The Class consisting of All persons within the United States who received any fabricated charges and were so charged on their credit cards or otherwise.

20. Defendant and its employees and agents are excluded from The Class. Plaintiff does not know the number of members in The Class, but believes The Class has thousands of members. Thus, this matter should be certified as a Class Action to assist in the expeditious litigation of the matter.

21. The Class is numerous that the individual joinder of all its members is impractical. While the exact number and identities of The Class members are unknown to Plaintiff at this time and can only be ascertained through appropriate discovery and can be ascertained through records maintained by Defendant.

22. Plaintiff and members of The Class were harmed by loss of time trying to claw back funds taken from them, actual loss of monies and emotional distress.

23. Common questions of fact and law exist as to all members of The Class which predominate over any questions affecting only individual members of The Class. These common legal and factual questions which do not vary between Class members, and which may be determined without reference to the individuals of any Class members, include, but are not limited to:

(a) Whether within the four years prior to filing this complaint, Defendant fabricated any charges;

(b) Whether within the four years prior to filing this complaint, Defendant failed to refund charges after being informed of fabricated charges;

(c) Whether Thrifty's policies and procedures encourage their employees to fabricate charges;

(d) Whether Plaintiff and the Class members were damaged and the extent of the damages; and

(e) Whether Defendant should be enjoined from engaging in such conduct in the future.

24. As a person that received a fabricated charge, and tried unsuccessfully to retrieve the funds Plaintiff asserts claims typical of the Class.

25. Plaintiff will fairly and adequately protect the interests of the members of The Class. Plaintiff has retained attorneys that are typical of The Class.

26. A class is superior to other methods of adjudication to be economical with the Court's resources, avoid contradictory judgments and ease management of the claims herein.

27. Defendant has acted and refused to act in respects generally applicable to The Class, thereby making appropriate final and injunctive relief with regards to the members of The Class as a whole.

## CAUSES OF ACTION

### COUNT I

**Against Thrifty for Violations of the FDCPA, 15 U.S.C. § 1692**

28. Plaintiff incorporates by reference the preceding allegations as though fully set forth herein.

29. The above actions violated the FDCPA were willful.

## CAUSES OF ACTION

### COUNT II

### Against Thrifty for Negligence

30. Plaintiff incorporates by reference the preceding allegations as though fully set forth herein.

31. Thrifty has a duty to its customers to maintain accurate policies, procedures and billing to accurately reflect to ensure maximum possible accuracy to avoid incorrect billing, and to thoroughly review and reverse errant charges when a customer informs Thrifty of an erroneous charge.

32. Thrifty breached that duty with a charge for something Plaintiff unequivocally did not utilize.

33. Thrifty caused Plaintiff damages with the wrongful charge and wasted time trying to reverse the charge.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands a judgment:

  i.   Awarding Plaintiff statutory money damages, actual damages and punitive damages and attorney's fees and costs as allowed by the FDCPA including pre-judgment and post-judgment interest; and

  ii.  Awarding such other relief as to this Court may seem just and proper.

## **TRIAL BY JURY**

Plaintiff is entitled to and hereby demands a trial by jury on all issues so triable.

DATED: March 26, 2024

**INGBER LAW GROUP**

*/s/ Jason Ingber*

Jason Ingber, Esq. CA Bar No. 318323
(*pro hac vice application forthcoming*)
3580 Wilshire Boulevard, Suite 1260
Los Angeles, CA 90010
T: (310) 270-0089
E: ji@jasoningber.com

**LIEBERMAN AND KLESTZICK, LLP**
Abraham S. Beinhorn, Esq.
381 Sunrise Hwy, 3rd Floor
Lynbrook, New York 11563
T: (516) 900-6722
E: abraham@landklegal.com

*Attorneys for Plaintiff*